IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Derek Milton, ) | C/A No. 1:20-cv-2843-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 26, 30. Having considered the briefing, the administrative record, and all relevant law, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff applied for DIB and SSI on September 3, 2015, alleging disability beginning May 31, 2014. (R. 285–91, 292–302). Plaintiff's applications were denied

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

initially and upon reconsideration. (R. 206–11, 215–20). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 18, 2018. (R. 90–127). The ALJ denied Plaintiff's application in a decision dated March 29, 2018. (R. 178–98). The Appeals Council subsequently remanded the claim to the ALJ for a second hearing. (R. 199–203). A second hearing was held on August 7, 2019. (R. 60–89). The ALJ again denied Plaintiff's application in a decision dated September 30, 2019. (R. 13–15). The Appeals Counsel denied Plaintiff's request for review on June 10, 2020, making the ALJ's decision the final decision of the Commissioner. (R. 1–6).

Plaintiff filed suit in this Court on August 5, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On June 2, 2021, Magistrate Judge Shiva V. Hodges issued her Report recommending that the decision of the Commissioner be affirmed. ECF No. 26. On July 7, 2021, Plaintiff filed Objections to the Report. ECF No. 30. The Commissioner filed a Reply on July 20, 2021. ECF No. 32. Plaintiff's Objections and the Magistrate Judge's Report are now before the Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

2

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

### I.  Dr. Miller's Opinion

Plaintiff's first objection is that the Magistrate Judge erred in finding the ALJ adequately weighed Dr. Miller's opinion and that substantial evidence supports the ALJ's allocation of little weight to it.  ECF No. 30 at 1–5.  The ALJ gave little weight to Dr. Miller's opinion because it appeared to be derived from Plaintiff's self-reported symptomatology,

3

noting the results of Plaintiff's mental status evaluation contradicted the opinion. (R. 26). Plaintiff refutes the Magistrate Judge's characterization of Dr. Miller's opinion that Plaintiff "can do very little independently with regard to day-to-day [activities of daily living]" as a summary of Plaintiff's statements to Dr. Miller as opposed to an opinion as to his functional abilities. The Magistrate Judge noted in footnote five of the Report that the sentences following Dr. Miller's statement "reflect Plaintiff's statements and descriptions, suggesting the sentence is a summary of his reported ability to perform [activities of daily living]." ECF No. 30 at 1; ECF No. 28 at 55 n.5. Nevertheless, the ALJ considered Dr. Miller's statement to be an opinion, and the Magistrate Judge found that the ALJ properly considered the factors in accordance with 20 C.F.R. § 404.1527(c) and § 416.927(c) in evaluating the opinion. ECF No. 28 at 56, 58–59.

  Specifically, the Magistrate Judge found the ALJ considered the examining and treating factors based on her notation that Dr. Miller had completed a consultative psychiatric evaluation of Plaintiff. *Id.* at 56–57. The Magistrate Judge also determined the ALJ considered the supportability of Dr. Miller's statement in concluding that the statement was not supported by the results of Plaintiff's mental status examination: "slow, but goal-directed thought process; full orientation; neutral mood; blunted affect; fair judgment, insight, and impulse control; no thought disorder; an absence of suicidal or homicidal ideation; and no difficulties in interacting with others." *Id.* at 57. The Magistrate Judge noted the ALJ's finding that a full mental functional capacity assessment had not been completed also evidenced her consideration of the supportability factor, although this finding, alone, would have been an inadequate basis upon which to discredit Dr. Miller's opinion. *Id.* at 57–58. Lastly, the Magistrate Judge found that a review of the

4

whole record suggested the ALJ considered the consistency of Dr. Miller's opinion by citing evidence throughout her decision which was inconsistent with Dr. Miller's statement. *Id.* at 58.

Having conducted a careful de novo review of the record, the Court agrees with the Magistrate Judge's conclusion that the ALJ adequately weighed Dr. Miller's opinion and that substantial evidence supports the ALJ's allocation of little weight to it. For claims filed before March 27, 2017, 20 C.F.R. § 404.1527(c) and § 416.927(c) provide that a treating source's medical opinion must be evaluated using the following factors: (1) examining relationship; (2) treatment relationship, including its length, nature, and extent as well as the frequency of examination; (3) supportability; (4) consistency; (5) specialization; and (6) other factors. Specifically, subsection (c)(2) states:

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2); *id.* § 416.927(c)(2). Here, the ALJ did not give Dr. Miller's opinion controlling weight and instead gave it little weight, finding the opinion that Plaintiff "can do very little independently with regard to day-to-day [activities of daily living]" was inconsistent with other evidence in the record. This Court agrees that there is no medical evidence of record to support Dr. Miller's opinion. Rather, the sentence appears to be a summary of Plaintiff's statements to Dr. Miller, as the Magistrate Judge determined. Regardless, the ALJ deemed Dr. Miller's statement to be an opinion and evaluated the appropriate factors to find that little weight should be allocated to it. Because substantial evidence supports the ALJ's determination, Plaintiff's objection is overruled.

## II. Mr. Uetz's Opinion

Plaintiff also objects to the Magistrate Judge's finding that the ALJ cited sufficient evidence to support her allocation of little weight to Mr. Uetz's opinion.  In his report, Mr. Uetz determined that Plaintiff's maximum workday tolerance level was five hours and concluded Plaintiff's physical demand level was below sedentary based on the Social Security Administration's ("SSA") definition of sedentary work.  (R. 653).  The ALJ allocated little weight to Mr. Uetz's physical capacity evaluation because it appeared to be based solely on Plaintiff's self-reported limitations in a testing setting, which Plaintiff did not complete, and Plaintiff's treatment history conflicted with the severity of Plaintiff's alleged limitations.  (R. 26).  The ALJ further found Mr. Uetz was not an acceptable medical source and that he improperly attested to the ultimate issue of disability.[2]  (*Id.*).  Upon review, the Magistrate Judge found the ALJ "followed the applicable regulations and [Social Security Ruling] in rejecting Mr. Uetz's opinion limiting Plaintiff to less than sedentary work based on SSA's definition of sedentary work."  ECF No. 26 at 62.  The Magistrate Judge further determined the ALJ did not err in noting that Mr. Uetz was not an acceptable medical source, although this finding, alone, would have been an inadequate basis upon which to discredit Mr. Uetz's opinion.  *Id.*

Moreover, the Magistrate Judge found the ALJ considered the other factors in 20 C.F.R. § 404.1527(c) and § 416.927(c) and that substantial evidence supports her reduction of credit to the opinion as one not rendered by an acceptable medical source.

---

[2] Mr. Stephen Uetz is a Certified Functional Capacity Evaluator.  (R. 654).

*Id.* at 62–63. Specifically, the Magistrate Judge determined that the ALJ considered the supportability factor in finding Plaintiff failed to complete the testing, despite his consistent effort to do so. *Id.* at 63. The Magistrate Judge also found the ALJ considered the consistency factor in stating that Plaintiff's treatment history further belies the severity of Plaintiff's alleged limitations. *Id.* Although the Magistrate Judge considered this statement alone to be conclusory, she noted the ALJ discussed Plaintiff's treatment history elsewhere in her decision, citing to the following specific evidence:

> [Plainiff] had normal gait, was able to ambulate without assistance, and had grossly normal muscle tone in all major muscle groups of upper and lower extremities with no apparent deficit of strength in October 2017; had great response and resolution of numbness with injection therapy to the spine; had cervical spine surgery which resolved his cervical spine problem; utilized medication management and occipital nerve blocks to help with headaches and control symptoms; and had equal bilateral grip strength with intact sensation to light touch.

*Id.* at 64–65. Consequently, the Magistrate Judge concluded that the ALJ cited sufficient evidence to support her allocation of little weight to Mr. Uetz's opinion. *Id.* at 65.

Having conducted a careful de novo review of the record, the Court agrees with the Magistrate Judge's analysis and conclusion. As the Magistrate Judge noted, the ALJ properly found Mr. Uetz's opinion was not rendered by an acceptable medical source. *See* Social Security Ruling 96-5p, 1996 WL 374183, at *4 (noting "an [residual functional capacity] assessment is the adjudicator's ultimate finding based on a consideration of [a medical source's opinion]" but it is not itself a medical source statement). Regardless, the ALJ considered the appropriate factors in accordance with 20 C.F.R. § 404.1527(c) and § 416.927(c) in evaluating the opinion, as indicated by the ALJ's discussion of other

7

specific evidence in the record that was inconsistent with the opinion. *See* Social Security Ruling 06-03p (noting the same factors can be applied to opinion evidence from sources other than acceptable medical sources). Because substantial evidence supports the ALJ's determination, Plaintiff's objection is overruled.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 14, 2021
Spartanburg, South Carolina